UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THADIUS FLISS,

    Plaintiff,

v.                                                    CASE NO.:

CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS SERVICES, LLC.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THADIUS FLISS ("Mr. Fliss or Plaintiff") files this Complaint against Defendant, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS SERVICES, LLC, ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Americans with Disabilities Act, 42 U.S.C. § 12101 et seq, ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq*.

3. The Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq*.

4. The Court also has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same operative facts and circumstances as his FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant in Hillsborough County, Florida, and the venue, therefore, for this case is the Tampa Division of the Middle District of Florida.

7. Defendant is a general partnership that provides cellphone and internet services in, among others, Hillsborough County, Florida, and is therefore within the jurisdiction of the Court.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by

Defendant; and

   b. Plaintiff suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

11. Defendant was at all times an "employer" as envisioned by the ADA as well as §760.02(7), FLA. STAT.

## CONDITIONS PRECEDENT

12. On or around June 25, 2019, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination against Defendant.

13. On December 10, 2019, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16. Plaintiff worked as a Technical Support Expert for the Defendant from September 2014, until his wrongful termination on January 7, 2019.

17. On May 2018, Defendant relocated Mr. Fliss from Mankato, Minnesota, to Hillsborough County, Florida, and paid for the relocation costs.

18. Unfortunately, Plaintiff suffers from Diabetes, which is a protected disability under the FCRA/ADA, and a serious health condition under the FMLA.

19. During his employment and prior to his termination, Plaintiff notified Defendant's management of his medical condition and need for accommodation and FMLA/ADA/FCRA protection.

20. Specifically, Plaintiff's work schedule did not allow him the opportunity to set up a primary care doctor in Florida and receive treatment/medication for his Diabetes.

21. As such, starting on October 10, 2018, Plaintiff was approved for FMLA continuous leave until October 24, 2018, in order to attend doctor appointments, treatments, tests related to his serious health condition/disability, and treat his dangerously volatile glucose levels.

22. Plaintiff successfully availed himself of his protected FMLA/disability leave and returned to work on or around October 25, 2018.

23. Unfortunately, upon reviewing Plaintiff's medical tests, Plaintiff's physicians advised Plaintiff that his volatile glucose levels had severely and negatively affected his health. Pursuant to this, Plaintiff necessitated to return to disability leave/FMLA in order to manage the negative side effects of his Diabetes.

24. On October 29, 2018, Plaintiff initiated a request to speak to his Supervisor, Victor Colon ("Mr. Colon"), in order to inform Mr. Colon of Plaintiff's need return to disability leave and FMLA until January 6, 2019.

25. When it became clear that Plaintiff necessitated more medical leave, however, Senior Manager, Lakesha Tolliver, informed Plaintiff that he was to undergo a "Separation Review" in the near future, as Defendant intended to terminate Plaintiff's employment.

26. Through the notice of this separation review and imminent termination, Defendant interfered with Plaintiff for his attempt to use and/or use of FMLA.

27. From October 30, 2018, through January 6, 2019, Plaintiff nevertheless went on approved continuous FMLA and disability leave to further treat his serious health condition/disability.

28. On January 7, 2019, the very day Plaintiff returned from his protected leave, Defendant terminated his employment based on his disability and use/need for FMLA-protected medical leave.

29. Defendant's termination of Mr. Fliss stemmed from its discriminatory animus toward his need for and/or use of FMLA leave and need for accommodation under the ADA/FCRA.

30. The timing of his termination makes the causal connection between his use of FMLA, his request for reasonable accommodations under the ADA/FCRA, and his termination sufficiently clear.

31. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

32. Also, as a result of the foregoing, Defendant retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

33. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

34. Defendant did not have a good faith basis for its actions.

35. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA, and FMLA were intended to prevent.

36. Additionally, the facts surrounding Plaintiff's termination also create a strong inference of disability discrimination/retaliation in violation of the ADA/FCRA.

37. The Defendant was aware of Plaintiff's ADA/FCRA-protected medical condition and need for accommodation.

38. Defendant, however, being well-aware of Plaintiff's condition, discriminated against Plaintiff for taking a short-term leave of absence to seek treatment for his disability.

39. In short, despite the availability of reasonable accommodation under the ADA and FCRA, and despite the fact that Mr. Fliss would not be prevented by his diabetes to any degree in performing the duties of an Technical Support Expert, Defendant discriminated against Mr. Fliss based solely upon his disability.

40. Mr. Fliss is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his job as a Technical Support Expert.

41. Mr. Fliss did not need, or seek, any accommodation so drastic.

42. Instead, as he discussed with Mr. Colon, he would simply need a short leave of absence to set up physician appointments, undergo tests, and treat his protected disability.

43. This accommodation would have imposed no undue hardship on Defendant.

44. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the Florida Civil Rights Act.

45. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B)

46. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

47. Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

48. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

49. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

50. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA.

51. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

52. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is the member of protected classes as envisioned by the ADA and the Florida Civil Rights Act.

53. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of his disability and/or "perceived disability."

54. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

## COUNT I:

## UNLAWFUL INTERFERENCE UNDER THE FMLA

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-9, and 16-35 above.

56. At all times relevant hereto, Plaintiff was protected by the FMLA.

57. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

58. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

59. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

60. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II:

## UNLAWFUL RETALIATION UNDER THE FMLA

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-9, and 16-35 above.

62. At all times relevant hereto, Plaintiff was protected by the FMLA.

63. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his attempted use and/or use of FMLA protected leave.

64. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

65. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

66. As a result of Defendant's intentional, willful and unlawful acts by retaliating against, Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

67. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III:

### AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

68. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3-7, 10-30, 35-54 above.

69. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

70. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

## REQUEST FOR RELIEF AS TO COUNT III

**WHEREFORE**, Plaintiff prays that this Court will:

71. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

72. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

73. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

74. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

75. Provide any additional relief that this Court deems just and appropriate.

## COUNT IV:

**AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY**

76. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3-7, 10-30, 35-54 above.

77. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

78. The discrimination to which Plaintiff was subjected was based on his disability, or "perceived disability."

79. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and

benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

80. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

81. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

82. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### **REQUEST FOR RELIEF AS TO COUNT IV**

**WHEREFORE**, Plaintiff prays that this Court will:

83. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

84. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

85. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

86. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Florida Statutes; and

87. Provide any additional relief that this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 5th day of March 2020.

        Respectfully Submitted,

        **By:** */s/Noah E. Storch*
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        E-mail: noah@floridaovertimelawyer.com